Colms v. Bank of Tennessee.

---

## COLMS & DIBBRELL v. BANK OF TENNESSEE.

1. PROMISSORY NOTE. *Protest. Copy of note need not be endorsed. When.* An exception to the form of a protest because of the failure of the notary to copy the note on the back of it, is not well taken when it appears that a copy was prefixed to the protest, and reference was made in the protest itself to the copy so prefixed.

2. SAME. *Paper falling due on Sunday. When to be protested.* Negotiable paper falling due on Sunday, is payable on the preceeding day, or Saturday, and if not then paid may be protested for non-payment.
Authority cited: Parsons on N. & B., 401-2.
Code cited: §§48, 1966.

3. SAME. *Same. Notice. Reasonable time.* In such a case, the next day after the dishonor being Sunday, notice thereof sent to the endorsers on the following day, or Monday, is in reasonable time.
Authority cited: 3 Kent, 106-7.

4. SAME. *Notary's certificate. Evidence.* The notary's certificate is *prima facie* evidence of the facts recited therein.

5. SAME. *Delivery of notice. Evidence.* Evidence that notice of a protest addressed to an endorser was delivered to a witnesss, one of his household—he himself being absent from the city at the time—with in

Colms *v.* Bank of Tennessee.

structions from the notary to deliver it to the endorsers' wife, which the witness, to the best of his recollection, did, in connection with the notary's certificate;

*Held,* Sufficient to warrant a verdict against the endorser.

6. SAME. *Same. Same.* In connection with the testimony of the notary, that of his son, to the effect that he frequently delivered notices for his father, and always did so the same day they were received, and that if the notice in question was sent by him, it was delivered the same day on which it was received;

*Held,* Competent evidence, and not being contradicted, sufficient to sustain a verdict against the endorser.

Authority cited: Parsons on N. & B., 481–2, note *i.*

---

## FROM WHITE.

---

Appeal from the Circuit Court. SAMUEL M. FITE, Judge.

JAS. A. & E. L. GARDENHIRE for complainants.

WATSON for defendant.

DEADERICK, J., delivered the opinion of the Court.

Judgment was rendered by the Circuit Court of White County against plaintiffs in error, as endorsers, and Wm. Holton, drawer of a promissory note, from which the endorsers have appealed.

Several questions are made, but the one most seriously contested arises upon the sufficiency of the protest.

It is insisted that no copy of the note is copied upon the back of the protest, and that this is essential to determine to what note the protest applies.

The record shows that a copy of the note is pre-fixed to the protest, and that the protest refers to it as being so prefixed. The protest shows presentment to Mitchell, cashier, etc., and that payment was demanded and refused, and thereupon said notary protested, etc., so that the exception taken to the form of the protest is not well taken. The note fell due from the 17th to the 20th of April, 1862, but it appears that the 20th of April fell on Sunday, and the note was protested on Saturday, the 19th, and notices sent to endorsers' residences on Monday, the 21st. This being so, the protest might lawfully be made on the Saturday preceding. Code, §§48, 1966; Parsons on N. & B., 401–2.

The next day, after the dishonor, falling on Sunday, the notice on Monday was in reasonable time. 3 Kent., 106–7. It is objected, however, that it was not proven that the 20th fell on Sunday, and that a calendar used by a witness who calculated and testified that the 20th of April, 1862, was Sunday was improperly admitted as evidence. He stated he had tested, by numerous experiments, the accuracy of his calendar, and had always found it correct. Another witness, however, also testified that the 20th was Sunday, and there was no error in submitting this question to the jury on their testimony.

The notary certifies that on the 21st of April, 1862, he delivered a notice of this protest to Edward Dyreese, addressed to S. H. Colms, and sent a notice, addressed to M. C. Dibbrell, by Wm. C. Sims.

Both endorsers lived in Sparta, where the note was payable; both were absent from home at the time of protest, and alleged notices sent to their residences, their families being at home.

Edward Dyreese testified that in 1862 he lived in S. H. Colms' family; Col. Colms was absent, and Sims, the notary, gave him a paper, and told him to give it to his aunt, Mrs. Colms, and his best recollection is that he gave it to her, or took it home the same day it was given to him.

Wm. E. Sims, the son of the notary, testified that his father frequently gave him notices to deliver, and he always delivered them the same day they were received. This testimony was objected to, and admitted. Witness further testified that if notice was given to him, he delivered it to Mr. Dibrell or his family, but he had no recollection of having such notice.

The notary's certificate is *prima facie* evidence of the facts recited in it, and there is nothing in the record to contradict its recitals. It thus appears that the notary gave to Dyreese a notice of the protest, to which a copy of the note was prefixed, addressed to S. H. Colms, on the 21st of April, 1862, and from the testimony of Dyreese it appears that his best recollection is that he gave a paper received to the wife of Colms, in his absence, on the day he received it from the notary, and upon this evidence we think the jury were warranted in finding against Colms.

The certificate also shows that the notary sent a notice, addressed to M. C. Dibbrell, by Wm. E. Sims.

Wm. E. Sims testified, if such notice was sent by him he delivered it the same day; that he was in the habit of delivering such notices, and always delivered them the same day. In Parsons on N. & B., 481-2, and note *i,* and cases there cited, it is shown, that in connection with the testimony of the notary, that of W. E. Sims was competent to show the delivery of the notice, and there being nothing in the record to contradict it, it was sufficient to sustain the verdict of the jury against Dibbrell.

The note, with its endorsements, as well as the protest and certificate, were all made part of the record by the bill of exceptions.

There was no error in the charge of the Court, and the judgment will be affirmed.